UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v.-<br><br>JESUS HILARIO-BELLO,<br><br>Defendant. | 11 Cr. 755-8 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

On October 6, 2025, Defendant Jesus Hilario-Bello filed a motion that the Court construes as a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) and Amendment 814 to the United States Sentencing Guidelines. (*See* Dkt. #578). Specifically, in his motion, Mr. Hilario-Bello argues that he is eligible for a sentence reduction because he has served more than 10 years' imprisonment of an unusually long sentence and, he says, a change in law, *Alleyne* v. *United States*, 570 U.S. 99 (2013), presents an extraordinary and compelling reason for a reduction. (*See* Dkt. #578). *See also Alleyne*, 570 U.S. at 111-16 (holding that a jury must find any facts that increase a mandatory minimum sentence); U.S.S.G. § 1B1.13(b)(6) (making prisoners eligible for sentence reductions where there is an "unusually long sentence" and other factors are met). But Mr. Hilario-Bello does not address whether he has exhausted his administrative remedies by first seeking a reduction from the warden of his facility, *see* 18 U.S.C. § 3582(c)(1)(A), so the Court dismisses the sentence reduction motion without prejudice to its renewal upon a showing of administrative exhaustion.

When a prisoner moves for a sentence reduction under § 3582(c)(1)(A), he must first "exhaust administrative remedies by requesting such relief from prison authorities," unless the government waives or forfeits this requirement. *United States* v. *Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). Although the "requirement is a claim-processing rule" rather than a limit on this Court's jurisdiction, *United States* v. *Saladino*, 7 F.4th 120, 121 (2d Cir. 2021), it has been this Court's experience that the Government has raised the administrative exhaustion issue in virtually every case in which it has been applicable. Accordingly, so that the resolution of Mr. Hilario-Bello's motion is not delayed unnecessarily because of a latent procedural defect, the Court requests that Mr. Hilario-Bello present his claim to the warden of his facility and advise the Court when the claim has been administratively exhausted. If Mr. Hilario-Bello wishes not to exhaust his claim, he can advise the Court of his position; the Court cautions Mr. Hilario-Bello, however, that an unexhausted claim will likely be denied on procedural grounds.

Moreover, the motion appears likely to fail on the merits. Mr. Hilario-Bello, convicted on October 11, 2013 (Dkt. #192), argues that he did not receive the benefit of *Alleyne*, decided four months prior on June 17, 2013. Mr. Hilario-Bello fails to explain why he did not receive the benefit of *Alleyne*, but presumably his contention is that the judge, not the jury, found the facts supporting his mandatory minimum sentence. Not so. The mandatory minimum at issue is a conviction under 18 U.S.C. § 924(c)(1)(A)(ii) for brandishing a firearm during and in relation to a crime of violence. (*See* Dkt.

#146 (Count Fourteen of superseding indictment)). The record unequivocally shows that the jury made this finding. (Dkt. #192 at 17). Accordingly, in addition to requesting that Mr. Hilario-Bello exhaust his administrative remedies, the Court also encourages Mr. Hilario-Bello to reconsider the basis of his sentence reduction motion.

The Clerk of Court is directed to terminate the motion at docket entry 578, and is further directed to mail a copy of this Order to Mr. Hilario-Bello at the following address:

> Jesus Hilario-Bello
> USM No. 67002-054
> FCI Forrest City Low
> Federal Correctional Institution
> P.O. Box 9000
> Forrest City, AR  72336

SO ORDERED.

Dated:  October 7, 2025
        New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge