UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESUS HILARIO-BELLO,

                Movant,

        -v.-

UNITED STATES OF AMERICA

             Respondent.

11 Cr. 755 (KPF)
19 Civ. 6964 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On January 13, 2026, Jesus Hilario-Bello filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A), commonly known as a motion for compassionate release. (*See* Dkt. #586). He previously filed a different compassionate release motion on October 6, 2025 (Dkt. #578), which the Court denied for failure to exhaust administrative remedies (Dkt. #579). The Court also warned Mr. Hilario-Bello that his motion was likely to fail on the merits. (*Id.*).

Mr. Hilario-Bello's present motion attempts to cure those deficiencies. *First*, the Court accepts Mr. Hilario-Bello's representation that he has exhausted his administrative remedies. (*See* Dkt. #586 at 1-2 & Ex. A (arguing that an email Hilario-Bello sent on November 13, 2025, to the prison warden has gone unanswered, thus satisfying § 3582(c)(1)(A)'s exhaustion requirement)). *Second*, heeding the Court's warning about the merits of his prior compassionate release motion, in this motion Mr. Hilario-Bello argues new, different grounds make him eligible for a sentence reduction. But they are unavailing.

Mr. Hilario-Bello's first purported ground for eligibility involves the interaction of U.S.S.G. § 1B1.13(b)(6) and the mandatory minimum sentence he received under 18 U.S.C. § 924(c).  (Dkt. #586 at 3-4).  Policy Statement U.S.S.G. § 1B1.13(b)(6) provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).  Mr. Hilario-Bello argues that the change in law which should compel the Court to find an extraordinary and compelling to reduce his sentence is the principle articulated in *Dean* v. *United States*, 581 U.S. 62 (2017), and refined in *United States* v. *Brown*, 935 F.3d 43 (2d Cir. 2019).  (Dkt. #586 at 3).

*Dean* held that an initial sentencing court may consider the severity of a mandatory minimum sentence under § 924(c) when fashioning the sentence for the underlying predicate offenses.  *Dean*, 58 U.S. at 69 ("Nothing in § 924(c) restricts the authority conferred on sentencing courts by § 3553(a) and the related provisions to consider a sentence imposed under § 924(c) when calculating a just sentence for the predicate count."); *see also Brown*, 935 F.3d at 46 ("We think that the Court in *Dean* intended to rule that a sentencing judge, selecting a sentence for a predicate offense, was not prohibited from

considering the severity of a mandatory consecutive minimum sentence, and has the discretion, but not the obligation, to consider such severity.").  Mr. Hilario-Bello argues that because the sentencing court in his case could now compensate for his § 924(c) mandatory minimum by commensurately lowering the rest of his sentence — in a way it could not at the time of sentencing — there has been a change in law creating a "meaningful disparity" between the sentence he is serving and the sentence he likely would receive today.  (Dkt. #586 at 4).  But while Mr. Hilario-Bello says this change in law "could" create such a disparity, but § 1B1.13(b)(6) requires that the change "would."  (*Id.*).  U.S.S.G. § 1B1.13(b)(6).  The Court sees no reason why *Dean* would change Mr. Hilario-Bello's sentence, and Mr. Hilario-Bello provides none.  Indeed, the Court is unconvinced by Mr. Hilario-Bello's combination of conditional situations — under *Dean*, the sentencing court "may" consider the § 924(c) mandatory minimum sentence, which, Mr. Hilario-Bello contends, "could" create a disparity between the sentence he received then and the one that would be imposed today.

But even if this argument under U.S.S.G. § 1B1.13(b)(6) did make Mr. Hilario-Bello eligible for a sentence reduction, the Court would not at this time exercise its discretion to grant him one.  None of the other grounds for relief Mr. Hilario-Bello provides, to which the Court will now briefly turn, convinces the Court that a sentence reduction is warranted.

Mr. Hilario-Bello offers "Rehabilitation and Character Growth," "Family Plan and Reentry Stability," and "Final Removal Order and Lack of Danger" as

purported grounds for eligibility for a sentence reduction. (Dkt. #586 at 4-6). But the Court is not persuaded that any of these grounds, alone or together, constitute an extraordinary and compelling reason for a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The Court is pleased to learn that Mr. Hilario-Bello has "completed educational and/or vocational programming, maintained strong institutional adjustment, and worked to better himself." (Dkt. #586 at 5). It also appreciates learning that he has, in his words, "matured significantly" during his time in prison. (*Id.*). Although the Court commends Mr. Hilario-Bello for his productivity while incarcerated, it does not find these facts so extraordinary or compelling as to warrant a sentence reduction in this case. (Indeed, Mr. Hilario-Bello is scant on the details of his productivity and offers only conclusory statements.) Similarly, it does not find extraordinary and compelling his plan to "assist and care for family members who depend on him" nor the fact that he is "subject to a final order of removal" and would thus pose a reduced "risk of future danger to the public." (*See id.* at 5-6).

For all these reasons, the Court DENIES Mr. Hilario-Bello's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A). The Clerk of Court is directed to terminate the pending motion at docket entry 586 and is further directed to mail a copy of this Order to Mr. Hilario-Bello at the following address: Jesus Hilario-Bello, USM No. 67002-054, FCI Forrest City Low, Federal Correctional Institution, P.O. Box 9000, Forrest City, AR 72336.

SO ORDERED.

Dated:    January 20, 2026
          New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge